Dear Mayor Sager:
You have requested our opinion on the constitutionality of a church's use of portions of a publicly owned facility, an armory leased by the City of Hagerstown from the State. The City, in turn, subleases space to the church for two uses: Sunday worship, in an area that is used on other days by various secular organizations; and office space for the minister of the church, occupied on a full-time basis for what you describe as a "nominal rent."
Our opinion is as follows:
1. If the space in the armory used for Sunday worship is made available to the church on essentially the same terms as the space is made available to other organizations, the rental is not objectionable under the Establishment Clause of theFirst Amendment. Indeed, excluding the church might well violate the church's rights under the Free Speech Clause of theFirst Amendment.
2. The Establishment Clause prohibits the government from providing a subsidy for the maintenance of a church office. Allowing office space in the armory to be used for a nominal rent is permissible only if the space has so little economic value that it would likely be vacant were it not used by the church — in other words, only if the nominal rent in fact reflects the actual value of the space.
 I Introduction
A. Facts
The facility in question is the former National Guard Armory in Hagerstown. The armory is owned by the State of Maryland and leased by the City of Hagerstown. The only facts that we are given about the arrangement with the church are stated in your letter as follows:
 [The armory] facility consists of a large number of rooms only one of which is being used as an office by the minister of the church and a large gathering area which is used only on Sunday by the church for its worship program and is occupied by several other organizations for meeting and sports purposes during the remainder of the week. The church is using the space at a reduced rate that would probably not represent a fair market rental charge for the facilities although they are paying a nominal rent. The use of the one room by the minister is essentially on a full time basis.
B. Establishment Clause Criteria
The Establishment Clause of the First Amendment to the United States Constitution prohibits governmental action "respecting an establishment of religion." A governmental practice that "touches upon religion, if it is to be permissible under the Establishment Clause, must have a secular purpose; it must neither advance nor inhibit religion in its principal or primary effect; and it must not foster an excessive entanglement with religion." County ofAllegheny v. American Civil Liberties Union, 492 U.S. 573, 591
(1989). See Lemon v. Kurtzman, 403 U.S. 602 (1971). In particular, the government may not "aid one religion, aid all religions, or prefer one religion over another." Everson v. Boardof Educ., 330 U.S. 1, 15-16 (1947).
 II Sunday Services
We first consider the rental of the "large gathering area" for Sunday worship by the church. We are assuming from your letter that the City makes the space available to the church for use on Sunday under the same terms as it makes the space available to other organizations for their secular purposes. If this assumption is correct, we see no Establishment Clause violation.
In effect, the City has turned that area of the armory into an open forum, available to a wide variety of private organizations. The City's purpose, presumably, is to foster the kind of community activity, religious and secular, that contributes to a better city. The principal or primary effect of the open forum policy is to encourage a spectrum of community activities; in this context, there is "no realistic danger that the community would think that the [City] was endorsing religion or any particular creed, and any benefit to religion or to the [c]hurch would [be] no more than incidental." Lamb's Chapel v.Center Moriches Union Free School Dist., 113 S.Ct. 2141, 2148
(1993). Nor is there excessive entanglement with religion through the mere provision of the space. See Widmar v. Vincent,454 U.S. 263 (1981).
Indeed, if the City were to exclude the church from access to the forum because it espouses religious beliefs, the City might well engage in impermissible discrimination on the basis of viewpoint, in violation of the Free Speech Clause of theFirst Amendment. Lamb's Chapel v. CenterMoriches School Dist., 113 S.Ct. at 2147-48. What we wrote not long ago about access to public school facilities applies to the armory space as well: "While schools may bar all non-curricular activities on their premises and may impose even-handed limitations on the use of school facilities that apply to all groups seeking their use, religious activities may not be singled out for restriction." 78 Opinions of theAttorney General ___ (1993) [Opinion No. 93-050, at 7 (December 3, 1993)]. See also Fairfax Covenant Church v. Fairfax County SchoolBd., 17 F.3d 703 (4th Cir. 1994).
 III Minister's Office
The open forum analysis in Part II above obviously does not apply to office space used full-time by a church minister. Further, your reference to the church's use of the space "at a reduced rate that would probably not represent a fair market rental charge" raises a serious Establishment Clause problem: a direct government subsidy of religion.
The Establishment Clause prohibits "forms of aid that provide `direct and substantial advancement of the sectarian enterprise.'"School Dist. of Grand Rapids v. Ball, 473 U.S. 373, 393 (1985) (quoting Wolman v. Walter, 433 U.S. 229, 250 (1977)). Even when aid is "in-kind assistance rather than the direct contribution of public funds," government aid to a religious institution is unconstitutional if its "effect [is] indistinguishable from that of a direct subsidy. . . ." Ball, 473 U.S. at 394.
If the office space in the armory has commercial value but is being rented to the church for less than that value, the City's decision to accept nominal rent can only be characterized as having the direct effect of advancing religion by subsidizing the religious activity conducted or overseen in the office. There is no indication from your letter that the church is performing a separate and distinct secular function that is the object of the City's subsidy. Cf. Bowen v. Kendrick, 487 U.S. 589 (1988) (upholding facial constitutional validity of federal act providing grants to religious organizations for services to pregnant adolescents). Hence, under these facts, the subsidy is unconstitutional.
The result might be different under a different set of facts. In Hawley v. City of Cleveland, 24 F.3d 814 (6th Cir. 1994) the federal appellate court rejected an Establishment Clause challenge to the lease of municipal airport space to the Catholic Diocese of Cleveland for a chapel. Although Cleveland did not charge a market rate for the space, it was essentially unusable as a commercial rental. It was in need of repair (and, indeed, the Diocese spent several hundred thousand dollars to refurbish it); it had never been rented; and "not a single commercial enterprise had ever expressed any interest in leasing this space for commercial purposes." 24 F.3d at 818. Under these facts, the court found no violation of the Establishment Clause.
If the office space in question at the armory can fairly be said to have characteristics comparable to the space discussed inHawley, then the constitutional test might lead to a different result. If the space has commercial value, however, as we assume from your inquiry, the City may not subsidize the church through its below-market rent. If the City wishes to sublease marketable space, it must do so on commercially reasonable terms that treat the church no better and no worse than any other sublessee.
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 Jack Schwartz Chief Counsel Opinions Advice
 *Page 8